AO 247 (Rev. 11/11) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Middle District of Georgia

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No: 5:17-CR-00013-007 (MTT) |
| Russell Todd Mathis | ) | USM No: 11592-002 |
| Date of Original Judgment: 09/19/2018 | ) | |
| Date of Previous Amended Judgment: N/A | ) | Joesph Scott Key |
| *(Use Date of Last Amended Judgment if Any)* | | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) (Amendment 821)

Upon motion of  ☒ the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(Complete Parts I and II of Page 2 when motion is granted)*

On June 6, 2018, Russell Todd Mathis was found guilty following a jury trial of Counts One and Thirteen of an eighteen-count Indictment charging possession with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 846 i/c/w 21 U.S.C §§ 841(a)(1) and (b)(1)(A)(viii) and 21 U.S.C. § 851. He was sentence on September 19, 2018, to a term of Life imprisonment on each count, to run concurrently.

On November 1, 2023, amended Sentencing Guidelines went into effect that reduced criminal history "status points" (being under a criminal justice sentence at the time the offense is committed) and provided a two-level reduction for "Certain Zero-Point Offenders." USSG §4A1.1(e) reduced the number of status points assessed to one point *if* the defendant receives seven or more points under subsections (a) – (d) and was under a criminal justice sentence at the time he committed the instant offense. USSG §4C1.1(a) (Certain Zero-Point Offenders) reduces a defendant's offense level determined under Chapters Two and Three by two (2) levels if the defendant meets all of the criteria set forth at USSG §4C1.1(a)(1) – (10), including that a firearm was not possessed or used in connection with the offense. USSG §4C1.1(a)(7). When sentenced, no criminal history "status points" were assessed. As firearms were possessed in connection with his offense and he had seven (7) criminal history points, the defendant is not considered a "Zero-Point Offender" and is not eligible for a reduction under USSG §4C1.1(a). Pursuant to USSG § 1B1.10(a)(2) (Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)), a reduction in a defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) where the amendment does not have the effect of lowering the defendant's applicable guideline range. Because the defendant's advisory sentencing range remains unchanged, his Motion for Reduction of Sentence and request for counsel to review his eligibility (Doc. 641) is **DENIED**.

Except as otherwise provided, all provisions of the judgment dated   09/19/2018   shall remain in effect.

**IT IS SO ORDERED**.

Order Date:   5/24/2024                           S/ Marc T. Treadwell
                                                    *Judge's signature*

Effective Date: _____                           Marc T. Treadwell, Chief U.S. District Judge
*(if different from order date)*                    *Printed name and title*